**FILED**

**JUN 1 8 2008**

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

1  GEOFFREY ROTWEIN (CA SBN 58176)
   LAW OFFICES OF GEOFFREY ROTWEIN
2  400 Montgomery Street, Second Floor
   San Francisco, California 94104
3  Telefacsimile: (415) 397-0862
   Telephone: (415) 397-0860
4
   Attorney for Plaintiff
5  LEGAL ADDITIONS LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGAL ADDITIONS LLC, a California Limited Liability Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JEROME KOWALSKI, an individual; KOWALSKI & ASSOCIATES, INC., a New York Corporation; and, JEROME KOWALSKI & CO., INC., a New York Corporation,<br><br>Defendants. | No. CV-08-2754 EMC<br><br>**FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT, FRAUD, ACCOUNTING, DECLARATORY RELIEF, APPOINTMENT OF RECEIVER/TRUSTEE**<br><br>**(Jury Trial Demanded)** |

Plaintiff, LEGAL ADDITIONS LLC, hereby complains against Defendants and each of them, and alleges as follows:

## JURISDICTION AND VENUE

1. This action is based on California state law governing joint ventures, contracts, accounting and fraud. Jurisdiction is premised on diversity of citizenship, in that all Defendants reside in or are incorporated in the State of New York and Plaintiff is incorporated in the State of California and the sum in controversy exceeds $75,000.

2. Venue is appropriate in the Northern District of California Judicial District, in that the joint venture and contractual arrangement were formed and accepted in both Marin County, California and New York, and the following events occurred or were to occur in

1  Marin County, California: (a) payment from Defendants to Plaintiff of the commissions due
2  Plaintiff was to be made; (b) the contract and joint venture required Plaintiff's performance
3  on the joint venture; (c) Plaintiff in fact performed on the joint venture; (d) Plaintiff
4  signed/confirmed his agreement to the contract via email and in telephone conversations; (e)
5  Plaintiff was defrauded; and, (f) Defendant engaged in activities in California.

## PARTIES

3. Plaintiff, LEGAL ADDITIONS LLC, is and at all times herein mentioned was, a limited liability corporation organized and existing under the laws of the State of California, doing business in Marin County, California, and in the business of legal recruitment and placement.

4. Defendants KOWALSKI & ASSOCIATES, INC. and JEROME KOWALSKI & CO., INC., are and at all times herein mentioned were, corporations, organized and existing under the laws of the State of New York, with principal places of business in New York, New York, with the former being a division of the latter.

5. Defendant, JEROME KOWALSKI, is and at all times herein mentioned was, an individual and the principal owner and operating agent of Defendants Kowalski & Associates, Inc. and Jerome Kowalski & Co., Inc., both in the business of legal recruitment and placement.

6. At all times herein mentioned, each Defendant was acting within the scope of his/her/their authority and employment, as an agent, servant and/or employee, of every other Defendant.

## FACTS

7. On or about May 5, 2005, Plaintiff, through its owner Mark Gainer, and Defendants Kowalski & Associates, Inc. and Jerome Kowalski & Co., Inc., through Defendant Jerome Kowalski, agreed via email electronic written transmissions to work together on legal placements.

8. On or about January 23, 2006, Plaintiff, through its owner Mark Gainer, and Defendants Kowalski & Associates, Inc. and Jerome Kowalski & Co., Inc., through

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT,
FRAUD, ACCOUNTING, DECLARATORY RELIEF, RECEIVER
No. CV-08-2754 EMC                -2-

Defendant Jerome Kowalski, via email electronic written transmissions, entered into and formed a joint venture for the purpose of cooperating in the placement of attorneys and other legal personnel to law firms and corporate legal departments, including mergers of law firms and expansions of law firm offices. The venture included an agreement to share equally on a 50/50 basis, commissions obtained from this endeavor.

9. After working together for about 18 months on various placement opportunities, on or about July 20, 2007, Plaintiff identified the law firm Mitchell Silberberg & Knupp LLP (hereafter "MSK") located in Los Angeles, California, as a prospect to merge with a client of Defendants named Crowell & Moring, headquartered in Washington D.C. Plaintiff communicated the information about MSK to Defendants via e-mail and telephone. At Defendants' request, Plaintiff persuaded the Chairman of MSK to contact and meet with Defendants in New York, New York, and with Crowell & Moring in Washington, D.C.

10. Plaintiff informed Defendant Jerome Kowalski that while the Chairman of MSK indicated the firm was not enthusiastic about a merger, it was interested in expanding into the New York City market.

11. As a result of Plaintiff's facilitation of a meeting on or about August 9, 2007, between Defendant Jerome Kowalski and the Chairman of MSK, Defendants obtained the opportunity to recruit lateral partners to the nascent New York City office of MSK. The agreement between Plaintiff and Defendants to equally share potential commissions under the January 23, 2006 joint venture agreement remained in effect.

12. On or about October 9, 2007, and thereafter, the parties expressly confirmed their agreement to equally share, fifty-fifty, all commissions to be earned from said joint venture arrangement with respect to MSK, as well as identified potential merger partners and lateral recruits for Crowell & Moring and other designated firms.

13. Pursuant to said joint venture and contractual arrangement, Plaintiff identified and fostered the meeting between MSK and Defendants, resulting in MSK opening a New York City office in or about March 2008, staffed by lateral partners recruited by Defendants.

14. On or about May 13, 2008, Defendants renounced their intention to divide

1  commissions earned fifty-fifty, and on or about May 20, 2008, Defendants renounced the
2  existence of a joint venture.

3      15. As part of said joint venture, in the summer and/or fall of 2007, Defendant Jerome
4  Kowalski had the following business contacts with the State of California: (1) met with at
5  least four law firms in the San Francisco Bay Area and additional law firms in Southern
6  California that Plaintiff presented for possible merger prospects or lateral partner
7  recruitments; (2) arranged meetings between the Emeritus Chairman at Crowell & Moring and
8  multiple San Francisco Bay Area and Southern California law firms that Plaintiff presented
9  for possible merger prospects or lateral partner recruitments; (3) arranged for Crowell &
10 Moring to send to Plaintiff brochures advertising their firm to further the joint venture by
11 enabling Plaintiff to generate more prospects; and, (4) made and received numerous telephone
12 calls and email transmissions from/to Plaintiff in Marin County.

**FIRST CAUSE OF ACTION**
**(Breach of Contract)**
**(Plaintiff vs. Defendants Kowalski & Associates, Inc., Jerome Kowalski & Co., Inc.)**

15     16. Plaintiff incorporates herein as though fully set forth, the above allegations.

16     17. Defendants Kowalski & Associates, Inc. and Jerome Kowalski & Co., Inc. have
17 breached and will continue to breach said written contract by denying the existence of a joint
18 venture and refusing to honor and pay the commission division the parties agreed upon.

19     18. By said conduct, Defendants also have breached the warranty of good faith and
20 fair dealing that is implied in said contract.

21     19. Plaintiff has performed all obligations and duties under said contract and joint
22 venture arrangement for it to perform.

23     20. As a result of said conduct by said Defendants, Plaintiff has been damaged and
24 will continue to suffer compensatory damages in the amount of fifty percent of all
25 commissions earned in the joint venture and exceeding $75,000.

26     WHEREFORE, Plaintiff prays for relief as hereinafter set forth.
27 ///
28 ///

## SECOND CAUSE OF ACTION
### (Intentional Fraud)
### (Plaintiff vs. All Defendants)

21. Plaintiff incorporates herein as though fully set forth, the above allegations.

22. Defendants, through Defendant Jerome Kowalski, represented to Plaintiff that it would receive one half of all commissions earned on the joint venture described above. Defendants knew that Plaintiff was relying on said representations when they agreed to said joint venture and contractual arrangement and during the time that Plaintiff was performing his part of the agreement and contributing toward the joint venture objectives. Defendants knew that Plaintiff would not have performed such work had Plaintiff known that Defendants were not intending to fulfill said contractual joint venture arrangement.

23. Plaintiff relied on said representations by Defendants to its detriment by finding MSK and performing other work toward the goals of the joint venture and contractual arrangement.

24. As a direct and proximate result of said conduct by Defendants, Plaintiff has suffered and will continue to suffer compensatory damages in the form of the loss of commissions due under the joint venture and contractual arrangement, in an amount at least equal to $2,000,000.

25. Said Defendants' conduct was and is fraudulent, malicious and oppressive, entitling Plaintiff to punitive damages in the sum of $5,000,000.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (Accounting)
### (Plaintiff vs. Defendants Kowalski & Associates, Inc., Jerome Kowalski & Co., Inc.)

26. Plaintiff incorporates herein as though fully set forth, the above allegations.

27. Plaintiff has requested that Defendants Kowalski & Associates, Inc. and Jerome Kowalski & Co., Inc. provide a full accounting of all commissions earned and owed, and all other financial information bearing on the joint venture, but they have refused.

28. Plaintiff therefore requests that Defendants be ordered to provide a full accounting of all financial aspects of the work they and he have performed and will perform that are

1 included within the joint venture and contractual arrangement, including but not limited to,
2 all commissions earned, all funds paid by MSK, all funds expected to be paid by MSK and
3 Defendants.

4 WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Declaratory Relief)
### (Plaintiff vs. Defendants Kowalski & Associates, Inc., Jerome Kowalski & Co., Inc.)

7 29. Plaintiff incorporates herein as though fully set forth, the above allegations.

8 30. There currently exists a controversy between Plaintiff and Defendants Kowalski
9 & Associates, Inc. and Jerome Kowalski & Co., Inc. as to the existence and nature of a joint
10 venture, whether a contractual relationship arose between the parties and if so the terms
11 thereof, whether Plaintiff is entitled to a percent of commissions received and if so the
12 percent, and the dollar amount to which Plaintiff is entitled and will be entitled under the joint
13 venture and contractual relationship.

14 31. Plaintiff claims that a joint venture and contract arose as alleged herein, however
15 Defendants disagree and contend that no joint venture or contract arose, that Plaintiff is not
16 entitled to any percent of commissions earned and received and that it is only entitled to a
17 finder's fee for locating the client.

18 32. As a result, Plaintiff requests a declaration from this Court as to the issues
19 identified in Paragraph 30, *supra*, and the scope of the commissions subject to the joint
20 venture and contractual relationship, including but not limited to commissions Defendants
21 have earned and will earn on MSK's expansion of its New York or Washington, D.C. officers
22 and for other identified prospects.

## FOURTH CAUSE OF ACTION
### (Appointment of Receiver or Trustee)
### (Plaintiff vs. Defendants Kowalski & Associates, Inc., Jerome Kowalski & Co., Inc.)

25 33. Plaintiff incorporates herein as though fully set forth, the above allegations.

26 34. Pending final resolution of this civil action, Plaintiff requests that a receiver or
27 trustee be appointed for the purpose of collecting all payments from the MSK, or that the
28 Court order all such funds payed into the Court Registry.

1 | WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

2 | **PRAYER FOR RELIEF**

3 | WHEREFORE, Plaintiff prays for relief and judgment against Defendants, and each
4 | of them, as follows:

5 | 1. Compensatory damages according to proof, in the amount not less than Two Million
6 | Dollars ($2,000,000);

7 | 2. Exemplary damages against Defendants in the amount of at least Five Millions
8 | Dollars ($5,000,000);

9 | 3. For a declaration of the respective rights and interests of the parties governing their
10 | joint venture and contractual relationship;

11 | 4. For a full accounting;

12 | 5. Costs of suit necessarily incurred herein; and

13 | 6. Such other and further relief as the Court deems appropriate.

14 | **DEMAND FOR JURY TRIAL**

15 | Plaintiff hereby demands trial by jury pursuant to Federal Rules of Civil Procedure,
16 | Rule 38(b).

17 | DATED: June 17, 2008

GEOFFREY ROTWEIN
Attorney for Plaintiff
LEGAL ADDITIONS LLC

FIRST AMENDED COMPLAINT FOR BREACH OF CONTRACT,
FRAUD, ACCOUNTING, DECLARATORY RELIEF, RECEIVER
No. CV-08-2754 EMC            -7-