```
 1  GEOFFREY ROTWEIN (CA SBN 58176)
    LAW OFFICES OF GEOFFREY ROTWEIN
 2  400 Montgomery Street, Second Floor
    San Francisco, California  94104
 3  Telefacsimile: (415) 397-0862
    Telephone: (4l5) 397-0860
 4
    Attorney for Plaintiff
 5  LEGAL ADDITIONS LLC

 6

 7
```

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 10 | LEGAL ADDITIONS LLC, a California ) | No.  CV-08-2754 EMC |
| | Limited Liability Corporation, ) | |
| 11 | ) | **DECLARATION AND** |
| | Plaintiff, ) | **STIPULATION FOR ORDER** |
| 12 | ) | **EXTENDING TIME FOR** |
| | vs. ) | **DEFENDANTS TO ANSWER OR** |
| 13 | ) | **OTHERWISE PLEAD, AND** |
| | JEROME KOWALSKI, an individual; ) | **RESETTING INITIAL CASE** |
| 14 | KOWALSKI & ASSOCIATES, INC., a ) | **MANAGEMENT CONFERENCE** |
| | New York Corporation; and, JEROME ) | **AND ADR DEADLINES;** ORDER THEREON |
| 15 | KOWALSKI & CO., INC., a New York ) | |
| | Corporation, ) | |
| 16 | ) | |
| | Defendants. ) | |
| 17 | ) | |

18

19                    **DECLARATION AND STIPULATION**

20       I, Geoffrey Rotwein, declare under penalty of perjury as follows:

21       1.  I am an attorney licensed to practice law in this Court, and am the attorney for

22  Plaintiff herein.

23       2.  On June 2, 2008, the Complaint herein for breach of contract, fraud and other

24  causes of action arising out of a business relationship between Plaintiff, a California limited

25  liability corporation, and Defendant Jerome Kowalski and his two corporations in New York,

26  was initially filed.  On June 18, 2008, a First Amended Complaint was filed.

27       3.  The Complaint was mailed to Defendants in New York on June 4, 2008, and

28  discussions immediately commenced about settlement, the merits of the claims, damages, etc.

1  Defendants were being represented by an attorney in New York named Pinchus Raice, at
2  Pryor Cashman LLP.  On June 19, 2008, Messrs. Raice and Kowalski traveled to San
3  Francisco for an extensive settlement conference with my client Mark Gainer, owner of
4  Plaintiff corporation, and me.  Possible but differing terms for settlement were finalized and
5  to be discussed the week of June 23, 2008.  Messrs. Raice and Kowalski agreed to accept
6  service in New York if the matter did not settle, and I agreed not to serve Defendants in San
7  Francisco if they came to my office here for the conference.

8        4. The parties were unable to reach a settlement, and so on June 23, 2008, I sent Mr.
9  Raice the First Amended Complaint, Summons and a court form Waiver of Service of
10 Summons for each Defendant.  Mr. Raice signed the Waivers for all three Defendants on July
11 7, 2008, which I then filed and they were efiled on July 23, 2008.  The Waivers required
12 Defendants to appear with responsive pleadings in sixty days, namely by August 22, 2008.

13       5. Last week I was contacted by Alan G. Dowling, Law Offices of Alan G. Dowling,
14 22300 Hackney Street, West Hills, CA 91304, telephone number 818-679-6395, email
15 *agdowling@aol.com*, indicating that Defendants had retained him to represent them in this
16 case. He indicated that he had not yet been admitted to practice in this Court but was in the
17 process of filing a petition for admission. Mr. Dowling noted that the petition for admission
18 must be accompanied by a hard copy of a certificate of good standing from the State Bar of
19 California, for which he had applied, but which could take a few days to receive back. Mr.
20 Dowling informed me this week that he received the certificate and has submitted his petition
21 for admission, certificate, oath and fee to this Court, but that according to the Court it could
22 take as much as two weeks to be approved. Because the Local Rules make it a potential
23 contempt to engage in practice before this Court without having first been admitted to the bar
24 of this Court, and because that is also a prerequisite to ECF registration, which is in turn
25 required in order to file papers on behalf of Defendants, Mr. Dowling is not only reluctant but
26 understands that he is precluded from appearing for Defendants and filing their response to
27 the First Amended Complaint, and other filings required by this Court, prior to his formal
28 admission. Accordingly, Mr. Dowling has requested an extension of time for Defendants to

answer or otherwise respond to the First Amended Complaint, through and including September 15, 2008, and I am agreeable so long as this Court approves and re-sets the other dates (associated with ADR and Rule 26 compliance) addressed herein.

6. This Court's Amended Order Setting Initial Case Management Conference and ADR Deadlines, filed June 5, 2008, requires that by August 20, 2008, the parties meet and confer regarding initial disclosures, early settlement, ADR process selection and a discovery plan, file an ADR Certification and either a Stipulation to ADR or a Notice of Need for ADR Phone Conference. The Order also sets September 3, 2008, for filing the FRCP Rule 26(f) Report, complete the initial disclosures or state objections and a Case Management Statement. The Order also sets the initial Case Management Conference for September 10, 2008.

7. The parties diligently pursued early settlement of the case and then agreed to waive service of process when settlement did not occur. Defendants and their New York counsel have diligently secured California counsel when the case did not settle, and he in turn has immediately taken the necessary steps to secure admission in this Court to practice.

8. Before the parties and their counsel can satisfy this Court's Amended Order, it is necessary that Defendants file an appearance and both counsel then have an opportunity to comply with the required activities and filings. I cannot fulfill the requirements on behalf of Plaintiff solely, and must await the appearance of Defendants and their counsel and we both can then perform the required activities and filings. Nor can a Case Management Statement be finalized until such appearance and cooperation between counsel. Accordingly, a Case Management Conference on September 10, 2008, would be premature and unproductive.

9. Therefore, Mr. Dowling, as counsel for Defendants in the process of securing admission to practice in this Court, and I request that the Court reset the initial Case Management Conference and ADR deadlines for 30 days hence so that Mr. Dowling can be admitted to practice in this Court, responsive pleadings can be finalized, the case can be at issue and counsel can participate in the activities and filings required by Order. Counsel also request that this Court extend the time for Defendants to answer or otherwise plead to September 15, 2008.

1   The foregoing is true and correct of my own personal knowledge, information and
2   belief.
3   Executed in San Francisco, California on August 28, 2008.

4                    /s/ Geoffrey Rotwein
                     GEOFFREY ROTWEIN
5                    Attorney for Plaintiff
                     LEGAL ADDITIONS LLC
6

7   SO STIPULATED:

8    /s/ Alan G. Dowling
     ALAN G. DOWLING
9    LAW OFFICES OF ALAN G. DOWLING
     (Intended Counsel for Defendants)
10

11                                       **ORDER**

12      Pursuant to the above Declaration and Stipulation by and between the parties, and good
13   appearing therefor:
14      IT IS HEREBY ORDERED that the time for Defendants to answer or otherwise plead
15   is extended to and including September 15, 2008, and the dates for the initial case
16   management conference and ADR deadlines is extended 30 days to be reset by the Clerk of
17   this Court in an Amended Order.
18   DATED: September 2, 2008

                                              _____
19                                            HON. EDWARD M. CHEN
                                              UNITED STATES DISTRICT
20                                            MAGISTRATE/JUDGE

*IT IS SO ORDERED*
*Judge Edward M. Chen*