UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEGAL ADDITIONS LLC,

    Plaintiff,

    v.

JEROME KOWALKSI, *et al.*,

    Defendants.

_____/

No. C-08-2754 EMC

**ORDER GRANTING PLAINTIFF'S MOTION TO RECONSIDER**

**(Docket No. 140)**

Currently pending before the Court is Legal Additions's motion to reconsider. Having considered the parties' briefs and accompanying submissions, as well as all other evidence of record, the Court hereby **GRANTS** Legal Additions's motion.

## I. DISCUSSION

A.   Civil Local Rules

As a preliminary matter, the Court addresses Defendants' contention that the Court should deny the motion to reconsider because Legal Additions failed to meet the requirements of Civil Local Rule 7-9(b). Under Rule 7-9(b), a party seeking leave to file a motion to reconsider must show, *e.g.*, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civ. L.R. 7-9(b)(3). Here, contrary to what Defendants argue, the Court did not consider dispositive legal arguments presented by Legal Additions prior to the Court's ruling on Defendants' motion to dismiss.

Legal Additions presented its dispositive legal arguments in supplementary papers filed with the Court after the hearing on Defendants' motion to dismiss. *See* Docket No. 111 (supplemental

papers). In its order granting Defendants' motion to dismiss, the Court expressly denied Legal Additions's request to provide supplemental papers. *See* Docket No. 115 (Order at 8). Therefore, the Court did not fully consider Legal Additions's dispositive legal arguments.

The Court acknowledges that, in its order, it did make some substantive comments on Legal Additions's supplementary papers. However, as reflected by the order, the Court's focus was on Legal Additions's contention that Mr. Kowalski, as an individual, could still be held liable for fraud, *which would then lead to respondeat superior for the Kowalski corporate entity*. *See id.* (stating that, "[s]ince that defendant is a party to the alleged contract, the economic loss rule still applies"). Because the Court's focus was on corporate liability and not individual liability, it is fair to say that the Court did manifestly fail to consider dispositive legal arguments regarding Mr. Kowalski's liability as an individual. Accordingly, the Court stands by its previous ruling in which it granted Legal Additions leave to file a motion to reconsider and ordered Defendants to file a substantive response to the motion to reconsider. *See* Docket No. 143 (order, filed on 4/28/2010).

In so holding, the Court takes into account Defendants' assertion that Legal Additions has violated the terms of Civil Local Rule 7-9(c), which provides that "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." Civ. L.R. 7-9(c). The Court is satisfied that there has been no violation of the rule. In its motion for leave to file a motion for reconsideration, Legal Additions does make some of the same arguments as it did in its supplementary papers previously filed. However, that is because, as noted above, the Court failed to address those arguments and therefore reconsideration is appropriate under Rule 7-9(b)(3). In short, the spirit of Rule 7-9(c) has not been violated.

B. <u>Individual Liability</u>

Having concluded that a motion to reconsider is appropriate, the Court turns to the merits issue – *i.e.*, whether the fraud claim should be permitted to proceed against Mr. Kowalski as an individual.     In its opposition, Defendants erroneously contend that the Court's analysis of the economic loss rule was its "'back-up' rationale for . . . dismissal" of the fraud claim. Opp'n at 6. The Court dismissed the fraud claim for failure to state a claim for relief *because of* the economic

loss rule. The question now is whether the economic loss rule should bar not only liability with respect to the Kowalski corporate entity but also liability with respect to Mr. Kowalski as an individual. In other words, should the "immunity" of the corporate entity based on the economic loss rule also apply to Mr. Kowalski, who was acting as the corporate agent?

While the issue present a close legal question, the Court agrees with Legal Additions. As Legal Additions points out, under California Civil Code § 2343(3), "[o]ne who assumes to act as an agent is responsible to third persons as a principal for his acts in the course of his agency . . . [w]hen his acts are wrongful in their nature." Cal. Civ. Code § 2343(3). In other words, as stated by the Witkin treatise, "[a]n agent or employee is always liable for that person's own torts. *This is so whether the principal or employer is liable or not.*" 5 Witkin Sum. Cal. Law Torts § 30 (emphasis added).

Two cases regarding the scope of § 2343(3) also support Legal Additions's position: *Mottola v. R.L. Kautz & Co.*, 199 Cal. App. 3d 98 (1988), and *Michaelis v. Benavides*, 61 Cal. App. 4th 681 (1998). In *Mottola*, the plaintiff was an employee of a school district who had suffered an industrial injury during the course of his employment. The plaintiff sought workers' compensation benefits but the payment of benefits was delayed, allegedly because of the actions of the individual claims administrator/adjuster. The plaintiff thereafter filed suit against the claims adjuster, asserting both tort and contract claims. As a defense, the claims adjuster argued that the plaintiff's remedy, if any, lay exclusively with the Workers' Compensation Appeals Board. The state appellate court agreed with the claims adjuster, noting that, even though the claims adjuster was technically not the employer, it was in effect the agent or alter ego of the employer. It added that, only if the claims adjuster had committed a tort such as fraud, "then, and only then [consistent with § 2343(3)], is the agent subject to liability in a civil suit for such wrongful conduct." *Id.* at 108. In short, "an independent claims adjuster of a self-employed insurer is imbued with the same immunity from civil suit as his principal *as long as* the adjuster discloses his agency role and *commits no intentional tort* while investigating the claim in question." *Id.* at 109 (emphasis added).

In *Michaelis*, the plaintiffs were homeowners and the defendant was a subcontractor who, the parties stipulated, was negligent in constructing their patio and driveway. The court rejected the

defendant's contention that negligence actions by third parties against corporate officers and employees for economic losses are prohibited. The court emphasized that where, as in the case under the court's consideration, a plaintiff alleges facts indicating that the individual defendant corporate officer may be personally liable for the negligent act by direct participation in the wrong, that individual officer may not "us[e] the corporate veil to shield himself from personal liability." *Michaelis*, 61 Cal. App. 4th at 686. "The legal fiction of the corporation as an independent entity is partly intended to insulate corporate officers from personal liability for corporate contracts. *The corporate fiction was never intended to insulate officers from liability for their own tortious conduct.*" *Id.* at 688 (emphasis added).

Taking into account *Mottola* and *Michaelis*, as well as § 2343(3) itself, the Court agrees with Legal Additions that the immunity the Kowalski corporate entity enjoys by virtue of the economic loss rule is not applicable to Mr. Kowalski as an individual because, as alleged by Legal Additions, he personally engaged in tortious wrongdoing himself.

To be sure, there is a risk that a plaintiff may effectively circumvent to economic loss rule and alter ego doctrinal requirements by alleging individual officer liability based on tortious conduct. But under the statutory and case law cited above, such a plaintiff must, in order to prove liability, sufficiently plead the elements of a tort committed by the individual, including in this case intentional fraud, reliance and damages. This is more difficult than proving mere breach of conduct. In this case, even if fraud can be proven, reliance upon fraud in the performance may be difficult to prove. Furthermore, as Plaintiff concedes, the plaintiff cannot recover double damages. The fraud claim will not lie unless the contract claim is established as a predicate; if the contract breach is proven, the Plaintiff, in order to recover more, will have to prove compensable injury beyond contract damages.

///
///
///
///
///

Accordingly, the Court hereby grants Legal Additions's motion to reconsider and shall permit Legal Additions to proceed at trial with its fraud claim against Mr. Kowalski as an individual. The fraud claim against the Kowalski corporate entity remains dismissed based on the economic loss rule.

## II. CONCLUSION

For the foregoing reasons, Legal Additions's motion is granted.

This order disposes of Docket No. 140.

IT IS SO ORDERED.

Dated: May 18, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

5