1
2
3
4
5      UNITED STATES DISTRICT COURT
6      NORTHERN DISTRICT OF CALIFORNIA
7
8  LEGAL ADDITIONS LLC,                    No. C-08-2754 EMC
9           Plaintiff,
                                           **ORDER GRANTING PLAINTIFF'S
10     v.                                  MOTION FOR ORDER REVIVING AND
                                           REINSTATING JURY TRIAL**
11 JEROME KOWALKSI, *et al.*,
                                           **(Docket No. 148)**
12          Defendants.
   _____/
13
14

Previously, the Court granted Plaintiff's motion to reconsider, thereby permitting the fraud claim against Defendant Jerome Kowalski in his individual capacity to proceed to trial. Plaintiff thereafter filed the currently pending motion in which it asks for an order reviving and reinstating a jury trial as to all claims remaining for trial -- *i.e.*, not only the fraud claim against Mr. Kowalski but also the breach-of-contract and accounting claims against the Kowalski corporate defendant. Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** Plaintiff's motion.

With respect to the fraud claim against Mr. Kowalski as an individual, the Court finds that Plaintiff never waived a jury trial. The language of the parties' stipulation of March 22, 2010, clearly indicates that Plaintiff intended to waive a jury trial with respect to the breach-of-contract and accounting claims against Kowalksi corporate entity only. *See* Docket No. 116 (stipulation). This limited scope of the waiver is consistent with the procedural history of this case. Up until this Court's dismissal of the fraud claim against Mr. Kowalski individually, a jury trial had been

demanded and scheduled. It was this Court's order dismissing that claim that precipitated the stipulation waiving a jury trial.

As for the claims for breach of contract and accounting, as noted above, Plaintiff did waive the right to a jury trial. Nevertheless, under Federal Rule of Civil Procedure 39(b), a "court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). While the Ninth Circuit has stated that a court's discretion under Rule 39(b) is "is narrow" and that a court may not "grant relief when the failure to make a timely demand results from an oversight or inadvertence," *Pacific Fisheries Corp. v. H.I.H. Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001), Plaintiff has established that its limited waiver here was based on more than mere inadvertence. As noted above, Plaintiff made its decision to waive the right to a jury trial on the breach-of-contract and accounting claims only because of the Court's prior order dismissing the fraud claim. In short, Plaintiff's limited waiver was the result of reliance on the decision of the Court which, in granting reconsideration, conceded error in its ruling. In this respect, the situation here is somewhat analogous to that in *Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061 (5th Cir. 1990). There, the Fifth Circuit concluded that the counterplaintiff did not act with mere inadvertence in failing to make a jury demand; the trial court itself had mistakenly believed that the counterclaim was set for a jury trial and the counterdefendant did not move to strike the matter off the jury calendar until late in the day. The counterplaintiff's reliance thereon transcended inadvertence and warranted relief. The same is true here.

As a final point, the Court notes that factors considered by other courts (including the Fifth Circuit in *Daniel*) in determining whether to grant relief from waiver under Rule 39(b) also weigh in Plaintiff's favor. Those factors are as follows: (1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial. *See id.* at 1064; *see also* 8-39 Moore's Fed. Prac. -- Civ. § 39.31[5][a]. The majority of these factors clearly weigh in favor of a jury trial in the instant case. For example, this case is neither highly technical nor complex but rather involves issues well within the comprehension of a jury --

for instance, what promises were made by Defendants to Plaintiff. *See Daniel*, 916 F.2d at 1064 (finding a contract dispute well within the comprehension of a jury). Moreover, there may be some overlap in the evidence relevant to the contract and fraud claims; thus, a consolidated jury trial rather than a bifurcated proceeding will minimize the risk of confusion and inconsistency. In addition, permitting a jury trial will not result in a disruption of the Courts' schedule. The Court is able to accommodate the jury trial on largely the same days as the previously contemplated bench trial. Moreover, permitting a jury trial on this schedule will not prejudice Defendants. The time to prepare for a jury trial is negligible given the substantial overlap in evidence (both documentary and testimonial) on all claims. Finally, Plaintiff did not delay in requesting a jury trial as it moved for relief from the waiver promptly after the Court granted the motion to reconsider.

For the foregoing reasons, Plaintiffs' motion to revive and reinstate a jury trial is **GRANTED**. There shall be a jury trial on all claims remaining in the action.

This order disposes of Docket No. 148.

IT IS SO ORDERED.

Dated: June 4, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge