UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGAL ADDITIONS LLC, | No. C-08-2754 EMC |
| Plaintiff, | |
| v. | **JURY INSTRUCTIONS** |
| | **(July 1, 2010)** |
| JEROME KOWALKSI, *et al.*, | |
| Defendants. | |

_____/

**CIVIL JURY INSTRUCTIONS**

**JURY INSTRUCTION NO. 1 – OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.19.

**JURY INSTRUCTION NO. 2 – CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiff Legal Additions LLC claims that it and defendant Jerome Kowalski & Co., Inc., a New York corporation (the "Kowalski corporation"), entered into a written contract to work together on a non-exclusive basis in attempting to make certain placements of attorneys in law firms or legal departments and/or to arrange the merger of certain law firms. The plaintiff claims that the Kowalski corporation breached this contract by failing to pay one-half the commissions earned from the placement of attorneys with the Mitchell, Silberberg & Knupp law firm.

In addition to the above, the plaintiff claims that, during the performance of the above contract, defendant Jerome Kowalski committed fraud by falsely representing that commissions would be shared with respect to the placement of attorneys at the Mitchell, Silberberg & Knupp law firm and concealing important information from the plaintiff.

The Kowalski corporation denies that the alleged written contract between the plaintiff and itself governed a placement such as that involving Mitchell, Silberberg & Knupp, denies that it breached any written agreement with the plaintiff with regard to such placement and the division of commissions earned therefrom, and also claims that under no circumstance occurring in this case was the plaintiff entitled to the fifty percent (50%) share of commissions which the plaintiff claims.

In addition, Jerome Kowalski denies that he made any false promises to or concealed important information from the plaintiff.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.2.

**JURY INSTRUCTION NO. 3 – BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE – MORE LIKELY TRUE THAN NOT TRUE**

A party must persuade you, by the evidence presented in court, that what he or she is required to prove is more likely to be true than not true. This is referred to as "the burden of proof."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party did not prove it. You should consider all the evidence, no matter which party produced the evidence.

In criminal trials, the prosecution must prove that the defendant is guilty beyond a reasonable doubt. But in civil trials, such as this one, the party who is required to prove something need prove only that it is more likely to be true than not true.

Authority: 1-200 CACI 200.

**JURY INSTRUCTION NO. 4 – MORE LIKELY TRUE –**

**CLEAR AND CONVINCING PROOF**

Certain facts must be proved by clear and convincing evidence, which is a higher burden of proof. This means the party must persuade you that it is highly probable that the fact is true. I will tell you specifically which facts must be proved by clear and convincing evidence.

Authority: 1-200 CACI 201.

**JURY INSTRUCTION NO. 5 – TWO OR MORE PARTIES –**

**DIFFERENT LEGAL RIGHTS**

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.5.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 6 – WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits which are received into evidence; and

3.    any facts to which the lawyers have agreed.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.6.

# JURY INSTRUCTION NO. 7 – WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.7.

**JURY INSTRUCTION NO. 8 – EVIDENCE FOR LIMITED PURPOSE**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.8.

**JURY INSTRUCTION NO. 9 – DIRECT AND INDIRECT EVIDENCE**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.9.

## JURY INSTRUCTION NO. 10 – RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.10.

**JURY INSTRUCTION NO. 11 – CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.11.

**JURY INSTRUCTION NO. 12 – STATEMENTS OF A PARTY OPPONENT**

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1.    Do you believe that the party actually made the statement?  If you do not believe that the party made the statement, you may not consider the statement at all.

2.    If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

Authority: CACI 212.

**JURY INSTRUCTION NO. 13 – OPINION TESTIMONY OF LAY WITNESS**

A witness [who was not testifying as an expert] gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relied in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any part of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence."

Authority: CACI 223.

**JURY INSTRUCTION NO. 14 – NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.13.

**JURY INSTRUCTION NO. 15 – TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the envelope in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.14.

# JURY INSTRUCTION NO. 16 – BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority: 9th Cir. Model Civil Jury Instruction No. 1.18.

1    **JURY INSTRUCTION NO. 17 – DEPOSITION IN LIEU OF LIVE TESTIMONY**

2        A deposition is the sworn testimony of a witness taken before trial.  The witness is placed

3    under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers

4    are recorded.

5        You should consider deposition testimony, presented to you in court in lieu of live testimony,

6    insofar as possible, in the same way as if the witness had been present to testify.

7        Do not place any significance on the behavior or tone of voice of any person reading the

8    questions or answers.

9

10   Authority: 9th Cir. Model Civil Jury Instruction No. 2.4.

**JURY INSTRUCTION NO. 18 – USE OF INTERROGATORIES OF A PARTY**

Before trial, each party has the right to ask the other parties to answer written questions. These questions are called interrogatories.  The answers are also in writing and are given under oath. You must consider the questions and answers that were read to you the same as if the questions and answers had been given in court.


Authority: 1-200 CACI 209.

**JURY INSTRUCTION NO. 19 – CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions

1  jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

2  trial process to start over.  If any juror is exposed to any outside information, please notify the court

3  immediately.

4

5  Authority: 9th Cir. Model Jury Instruction No. 1.12.

**JURY INSTRUCTION NO. 20 – DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)**

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority: 9th Cir. Model Civil Jury Instruction No. 1.1C.

**JURY INSTRUCTION NO. 21 – LIABILITY OF CORPORATIONS**

Under the law, a corporation such as Jerome Kowalski & Co. Inc. (the "Kowalski corporation") is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.


Authority: 9th Cir. Model Civil Jury Instruction No. 4.2 (modified).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 22 – LIABILITY OF CORPORATIONS –**

**PRINCIPAL AND AGENT**

Jerome Kowalski was the agent of the defendant the Kowalski corporation, and, therefore, any act or omission of Jerome Kowalski was the act or omission of the Kowalski corporation.


Authority: 9th Cir. Model Civil Jury Instruction No. 4.8.

**JURY INSTRUCTION NO. 23 – CLAIMS ASSERTED BY THE PLAINTIFF**

In this case, the plaintiff has asserted the following claims.

1.  Breach of contract.  This claim is asserted against only the defendant the Kowalski corporation.

2.  Fraud.  This claim is asserted against only the defendant Jerome Kowalski.

**JURY INSTRUCTION NO. 24 – BREACH OF CONTRACT – INTRODUCTION**

Plaintiff Legal Additions LLC claims that it and defendant Jerome Kowalski & Co., Inc., a New York corporation (the "Kowalski corporation"), entered into a written contract to work together on a non-exclusive basis in attempting to make certain placements of attorneys in law firms or legal departments and/or to arrange the merger of certain law firms.

The plaintiff claims that the Kowalski corporation breached this contract by failing to pay one-half the commissions earned from the placement of attorneys with the Mitchell, Silberberg & Knupp law firm – namely, one-half of $496,903, or $248,451.50.

The Kowalski corporation denies that the alleged written contract between plaintiff and itself governed a placement such as that involving Mitchell, Silberberg & Knupp, denies that it breached any written agreement with the plaintiff with regard to such placement and the division of commissions earned therefrom, and also claims that under no circumstance occurring in this case was the plaintiff entitled to the fifty percent (50%) share of commissions which the plaintiff claims.

Authority: 1-300 CACI 300 (modified).

1    **JURY INSTRUCTION NO. 25 – BREACH OF CONTRACT –**

2    **CONTRACT FORMATION – ESSENTIAL FACTUAL ELEMENTS**

3          The plaintiff claims that it entered into a contract with the defendant the Kowalski

4    corporation.  To prove that a contract was created, the plaintiff must prove all of the following:

5    1.      That the contract terms were clear enough that the parties could understand what each was

6            required to do;

7    2.      That the parties agreed to give each other something of value.  A promise to do something or

8            not to do something may have value; and

9    3.      That the parties agreed to the terms of the contract.

10          When you examine whether the parties agreed to the terms of the contract, ask yourself if,

11   under the circumstances, a reasonable person would conclude, from the words and conduct of each

12   party, that there was an agreement.  You may not consider the parties' hidden intentions.

13          If the plaintiff did not prove all of the above, then a contract was not created.

14

15   Authority: 1-300 CACI 302.

27

**JURY INSTRUCTION NO. 26 – BREACH OF CONTRACT – BREACH –**

**ESSENTIAL FACTUAL ELEMENTS**

To recover damages from the defendant Kowalski corporation for breach of contract, the plaintiff must prove all of the following:

1.  That the plaintiff and the Kowalski corporation entered into a contract;

2.  That the plaintiff did all, or substantially all, of the significant things that the contract required it to do or that it was excused from doing those things;

3.  That all conditions required by the contract for the Kowalski corporation's performance had occurred;

4.  That the Kowalski corporation failed to do something that the contract required it to do; and

5.  That the plaintiff was harmed by that failure.

Authority: 1-300 CACI 303.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 27 – BREACH OF CONTRACT –**

**CONTRACT FORMATION – OFFER**

Both an offer and an acceptance are required to create a contract. The defendant the Kowalski corporation contends that a contract was not created because there was never any offer. To overcome this contention, the plaintiff must prove all of the following:

1.   That the plaintiff communicated to the Kowalski corporation that it was willing to enter into a contract with the Kowalski corporation;

2.   That the communication contained specific terms; and

3.   That, based on the communication, the Kowalski corporation could have reasonably concluded that a contract with these terms would result if it accepted the offer.

If the plaintiff did not prove all of the above, then a contract was not created.

Authority: 1-300 CACI 307.

**JURY INSTRUCTION NO. 28 – BREACH OF CONTRACT –**

**CONTRACT FORMATION – ACCEPTANCE**

Both an offer and an acceptance are required to create a contract.  The Kowalski corporation contends that a contract was not created because the offer was never accepted.  To overcome this contention, the plaintiff must prove *either* 1 *or* 2 below:

1.    That the Kowalski corporation agreed to be bound by the terms of the offer and that the Kowalski corporation communicated its agreement to the plaintiff.  But if the Kowalski corporation agreed to be bound only on certain conditions, or if it introduced a new term into the bargain, then there was no acceptance.

*or*

2.    That the Kowalski corporation performed the conditions of the proposal offered, accepted the consideration offered with the proposal, or accepted the benefit of the transaction knowing of the obligation arising from the transaction.

Authority: 1-300 CACI 309 (modified); Cal. Civ. Code §§ 1584, 1589.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 29 – BREACH OF CONTRACT –**

**SUBSTANTIAL PERFORMANCE**

The defendant the Kowalski corporation contends that the plaintiff did not perform all of the things that it was required to do under the contract, and therefore the Kowalski corporation did not have to perform its obligations under the contract.  To overcome this contention, the plaintiff must prove both of the following:

1.      That the plaintiff made a good faith effort to comply with the contract; and

2.      That the Kowalski corporation received essentially what the contract called for because the plaintiff's failures, if any, were so trivial or unimportant that they could have been easily fixed or paid for.

Authority: 1-300 CACI 312.

**JURY INSTRUCTION NO. 30 – BREACH OF CONTRACT –**

**INTERPRETATION – DISPUTED TERM**

The plaintiff and the defendant the Kowalski corporation dispute the meaning of one or more terms contained in the alleged written contract.  The plaintiff must prove that its interpretation of the term or terms in dispute is correct.

In deciding what the terms of a contract mean, you must decide what the parties intended at the time the contract was created.  You may consider the usual and ordinary meaning of the language used in the contract as well as the circumstances surrounding the making of the contract.

The following instructions may also help you interpret the terms of the contract.

Authority: 1-300 CACI 314 (modified).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 31 – BREACH OF CONTRACT – INTERPRETATION –**

**MEANING OF ORDINARY WORDS**

You should assume that the parties intended the words in their contract to have their usual and ordinary meaning unless you decide that the parties intended the words to have a special meaning.

Authority: 1-300 CACI 315.

**JURY INSTRUCTION NO. 32 – BREACH OF CONTRACT – INTERPRETATION –**

**MEANING OF TECHNICAL WORDS**

You should assume that the parties intended technical words used in the contract to have the meaning that is usually given to them by people who work in that technical field, unless you decide that the parties clearly used the words in a different sense.

Authority: 1-300 CACI 316.

## JURY INSTRUCTION NO. 33 – BREACH OF CONTRACT – INTERPRETATION – CONSTRUCTION OF CONTRACT AS A WHOLE

In deciding what the words of a contract meant to the parties, you should consider the whole contract, not just isolated parts. You should use each part to help you interpret the others, so that all the parts make sense when taken together.

Authority: 1-300 CACI 317.

**JURY INSTRUCTION NO. 34 – BREACH OF CONTRACT – INTERPRETATION –**

**CONSTRUCTION BY CONDUCT**

In deciding what the words in a contract meant to the parties, you may consider how the parties acted after the contract was created but before any disagreement between the parties arose.

Authority: 1-300 CACI 318.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 35 – BREACH OF CONTRACT – INTERPRETATION –**

**REASONABLE TIME**

If a contract does not state a specific time in which the parties are to meet the requirements of the contract, then the parties must meet them within a reasonable time. What is a reasonable time depends on the facts of each case, including the subject matter of the contract, the reasons each party entered into the contract, and the intentions of the parties at the time they entered the contract.

Authority: 1-300 CACI 319.

**JURY INSTRUCTION NO. 36 – BREACH OF CONTRACT –**

**BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING –**

**ESSENTIAL FACTUAL ELEMENTS**

In every contract or agreement there is an implied promise of good faith and fair dealing. This means that each party will not do anything to unfairly interfere with the right of any other party to receive the benefits of the contract; however, the implied promise of good faith and fair dealing cannot create obligations that are inconsistent with the terms of the contract. The plaintiff claims that the defendant Kowalski corporation violated the duty to act fairly and in good faith. To establish this claim, the plaintiff must prove all of the following:

1. That the plaintiff and the Kowalski corporation entered into a contract;

2. That the plaintiff did all, or substantially all of the significant things that the contract required it to do;

3. That all conditions required for the Kowalski corporation's performance had occurred;

4. That the Kowalski corporation unfairly interfered with the plaintiff's right to receive the benefits of the contract; and

5. That the plaintiff was harmed by the Kowalski corporation's conduct.


Authority: 1-300 CACI 325.

**JURY INSTRUCTION NO. 37 – BREACH OF CONTRACT –**

**INTRODUCTION TO CONTRACT DAMAGES**

If you decide that the plaintiff has proved its claim against the defendant the Kowalski corporation for breach of contract, you also must decide how much money will reasonably compensate the plaintiff for the harm caused by the breach. This compensation is called "damages." The purpose of such damages is to put the plaintiff in as good a position as it would have been if the Kowalski corporation had performed as promised.

To recover damages for any harm, the plaintiff must prove:

1.      That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2.      That when the contract was made, both parties could have reasonably foreseen the harm as the probable result of the breach.

The plaintiff also must prove the amount of its damages according to the following instructions. It does not have to prove the exact amount of damages. You must not speculate or guess in awarding damages.

The plaintiff claims as damages one half the commissions earned from the placement of attorneys with the Mitchell, Silberberg & Knupp law firm – namely, one-half of $496,903, or $248,451.50.


Authority: 1-300 CACI 350.

**JURY INSTRUCTION NO. 38 – BREACH OF CONTRACT – CONTRACT DAMAGES –**

**OBLIGATION TO PAY MONEY ONLY**

To recover damages for the breach of a contract to pay money, the plaintiff must prove the amount due under the contract.

Authority: 1-300 CACI 355.

**JURY INSTRUCTION NO. 39 – BREACH OF CONTRACT – DAMAGES –**

**PLAINTIFF MAY NOT RECOVER DUPLICATE CONTRACT AND TORT DAMAGES**

The plaintiff has made claims against the defendant Kowalski corporation for breach of contract and against the defendant Jerome Kowalski for fraud.  You must decide each claim against each defendant.  If you decide that the plaintiff has proved both the claim for breach of contract against the Kowalski corporation and the claim for fraud against the defendant Jerome Kowalski, the 50% share of commissions earned from the placement of attorneys with the Mitchell, Silberberg & Knupp law firm may be awarded only once.

Authority: 1-300 CACI 361 (modified).

**JURY INSTRUCTION NO. 40 – FRAUD – INTENTIONAL MISREPRESENTATION**

The plaintiff claims it was harmed because the defendant Jerome Kowalski made a false promise. To establish this claim, the plaintiff must prove all of the following:

1.    That Jerome Kowalski made a promise to the plaintiff;

2.    That this promise was important to the transaction;

3.    That Jerome Kowalski did not intend to perform this promise when he made it;

4.    That Jerome Kowalski intended that the plaintiff rely on this promise;

5.    That the plaintiff reasonably relied on Jerome Kowalski's promise;

6.    That Jerome Kowalski did not perform the promised act;

7.    That the plaintiff was harmed; and

8.    That the plaintiff's reliance on Jerome Kowalski's promise was a substantial factor in causing its harm.


Authority: 1-1900 CACI 1902 (modified).

**JURY INSTRUCTION NO. 41 – FRAUD – CONCEALMENT**

The plaintiff also claims that it was harmed because, during the performance of the contract between the plaintiff and the Kowalski corporation, the defendant Jerome Kowalski concealed certain information.  To establish this claim, the plaintiff must prove all of the following:

1.      That Jerome Kowalski intentionally failed to disclose an important fact to the plaintiff; or that Jerome Kowalski disclosed some facts to the plaintiff but intentionally failed to disclose other important facts, making the disclosure deceptive; or that Jerome Kowalski intentionally failed to disclose an important fact that was known only to him and that the plaintiff could not have discovered; or that Jerome Kowalski actively concealed an important fact from the plaintiff or prevented it from discovering that fact;

2.      That the plaintiff did not know of the concealed fact;

3.      That Jerome Kowalski intended to deceive the plaintiff by concealing the fact;

4.      That the plaintiff reasonably relied on Jerome Kowalski's deception;

5.      That the plaintiff was harmed; and

6.      That Jerome Kowalski's concealment was a substantial factor in causing the plaintiff's harm.


Authority: 1-1900 CACI 1901 (modified).

1
2

**JURY INSTRUCTION NO. 42 – FRAUD – DEFINITION OF IMPORTANT**

**FACT/PROMISE**

3      A fact/promise is important if it would influence a reasonable person's judgment or conduct.

4  A fact/promise is also important if the person who conceals/makes it knows that the person to whom

5  the fact/promise is made or from whom it is concealed is likely to be influenced by it even if a

6  reasonable person would not.

7

8  Authority: 1-1900 CACI 1905.

**JURY INSTRUCTION NO. 43 – FRAUD – MISREPRESENTATIONS MADE TO PERSONS OTHER THAN THE PLAINTIFF**

Jerome Kowalski is responsible for a representation that was not made directly to the plaintiff if he made the representation to David Pauker who was working for and with the plaintiff, intending or reasonably expecting that it would be repeated to the plaintiff.


Authority: 1-1900 CACI 1906.

**JURY INSTRUCTION NO. 44 – FRAUD – RELIANCE**

To find the plaintiff relied on Jerome Kowalski's misrepresentations and/or concealments, you must find that the misrepresentations and/or concealments caused the plaintiff to refrain from taking the necessary steps to protect and secure its share of the commissions related to the Mitchell, Silberberg & Knupp placement.

It is not necessary for a misrepresentation and/or concealment to be the only reason for the plaintiff's conduct. It is enough if a misrepresentation and/or concealment substantially influenced the plaintiff's choice, even if it was not the only reason for its conduct.

Authority: 1-1900 CACI 1907 (modified).

1    **JURY INSTRUCTION NO. 45 – FRAUD – INTRODUCTION TO TORT DAMAGES**

2         If you decide that the plaintiff has proved its claim of fraud against the defendant Jerome

3    Kowalski, you also must decide how much money will reasonably compensate the plaintiff for the

4    harm.  This compensation is called "damages."

5         The amount of damages must include an award for each item of harm that was caused by

6    Jerome Kowalski's wrongful conduct, even if the particular harm could not have been anticipated.

7         The plaintiff does not have to prove the exact amount of damages that will provide

8    reasonable compensation for the harm.  However, you must not speculate or guess in awarding

9    damages.

10        The following are the specific items of damages claimed by the plaintiff.

11

12   Authority: 2-3900 CACI 3900.

**JURY INSTRUCTION NO. 46 – FRAUD – ITEMS OF ECONOMIC DAMAGE**

The following are the specific items of economic damages claimed by the plaintiff:

One-half the commissions earned from the placement of attorneys with the Mitchell, Silberberg & Knupp law firm – namely, one-half of $496,903, or $248,451.50.

Authority: 2-3900 CACI 3903 (modified).

## JURY INSTRUCTION NO. 47 – FRAUD – PUNITIVE DAMAGES

If, on the fraud claim against the defendant Jerome Kowalski, you decide that Jerome Kowalski's conduct caused the plaintiff harm, you must decide whether that conduct justifies an award of punitive damages. The purposes of punitive damages are to punish a wrongdoer for the conduct that harmed the plaintiff and to discourage similar conduct in the future.

You may award punitive damages only if the plaintiff proves by clear and convincing evidence that Jerome Kowalski engaged in that conduct with fraud.

"Fraud" means that Jerome Kowalski intentionally misrepresented or concealed a material fact and did so intending to harm the plaintiff.

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages. If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

(a) How reprehensible was Jerome Kowalski's conduct? In deciding how reprehensible Jerome Kowalski's conduct was, you may consider, among other factors:

    1. Whether Jerome Kowalski's conduct involved a pattern or practice;

    2. Whether Jerome Kowalski acted with trickery or deceit;

    3. The duration of Jerome Kowalski's conduct; and

    4. Jerome Kowalski's awareness.

(b) Whether there is a reasonable relationship between the punitive damages award and the harm likely to result from Jerome Kowalski's conduct as well as the harm that actually has occurred; the profitability to Jerome Kowalski of his wrongful conduct and the desirability of removing that profit and of having him also sustain a loss; and all the costs of litigation.

(c) In view of Jerome Kowalski's financial condition, what amount is necessary to punish him and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Jerome Kowalski has substantial financial resources. Any award you impose may not exceed Jerome Kowalski's ability to pay.

Punitive damages may not be used to punish Jerome Kowalski for the impact of his alleged misconduct on persons other than the plaintiff.

Authority: 2-3900 CACI 3940.

# JURY INSTRUCTION NO. 48 – DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.1.

**JURY INSTRUCTION NO. 49 – INTRODUCTION TO SPECIAL-VERDICT FORM**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.3.

**JURY INSTRUCTION NO. 50 – COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority: 9th Cir. Model Civil Jury Instruction No. 3.2.

United States District Court

For the Northern District of California