UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEGAL ADDITIONS LLC,

        Plaintiff,

    v.

JEROME KOWALKSI, *et al.*,

        Defendants.
_____/

No. C-08-2754 EMC

**ORDER RE JURY INSTRUCTIONS AND PLAINTIFF'S PRETRIAL MOTIONS**

**(Docket Nos. 190, 191)**

Previously, the Court submitted proposed jury instructions to the parties and gave the parties an opportunity to make any final comments regarding the proposed instructions. Having considered the parties' submissions, the Court has issued its final jury instructions which will be submitted to the jury. This order provides the reasoning underlying the Court's decision with respect to certain of the disputed instructions. This order also addresses two pretrial motions filed by Plaintiff.

A.    <u>Instructions</u>

    1.    <u>"Concealment" Instructions</u>

Proposed Instruction No. 39 deals with Plaintiff's concealment theory in support of its fraud claim. Other instructions also refer to Plaintiff's concealment theory in support of its fraud claim. *See, e.g.*, Proposed Instructions Nos. 2, 40, 42, 45. Defendants argue that any instruction on or reference to concealment should be excluded.

The Court concludes that concealment instructions are appropriate. As alleged in Plaintiff's complaint, concealment is one of the bases for the fraud claim against Defendant Jerome Kowalski.

*See* TAC ¶¶ 23-24.  The allegations in the complaint contain sufficient detail about the purported concealments.  Defendant argues that the facts do not support the claim.  Whether Jerome Kowalski did in fact conceal an important fact or facts and whether Plaintiff relied on the concealments (elements described in the instruction) are factual issues for the jury to decide.

  2. <u>Instruction on "Admissions by Silence"</u>

  Plaintiff has asked that CACI 214 be given, which deals with admissions by silence.  Defendants' main objections to the instruction are that (1) the instruction was not timely submitted and (2) the instruction is premature -- *i.e.*, such an instruction should be given only if there is conflicting evidence.

  The Court agrees the instruction was not timely submitted as was required by this Court's order of June 4, 2010.  *See* Docket No. 159 (civil minutes).  Furthermore, on the merits, the Court concludes that the instruction is not appropriate.  Plaintiff is free to argue that any silence on the part of Defendants constitutes an admission.  However, the Court shall not give an instruction on admissions by silence because there is a danger that the jury will misinterpret the instruction to mean that *an offer may be accepted* by silence.  Here, Plaintiff does not contend that Defendant the Kowalski corporation accepted Plaintiff's offer by silence.  "Silence in the face of an offer is not an acceptance, unless there is a relationship between the parties or a previous course of dealing pursuant to which silence would be understood as acceptance."  *Southern Cal. Acoustics Co. v. C.V. Holder, Inc.*, 71 Cal 2d 719, 722 (1969); *see also Beatty Safway Scaffold, Inc. v. Skrable*, 180 Cal App 2d 650, 655 (1960) (stating that, "where circumstances or the previous course of dealing between the parties places the offeree under a duty to act or be bound, his silence or inactivity will constitute his assent"); *Wold v. League of the Cross, Inc.*, 114 Cal App 474, 479 (1931) (stating that, "[o]rdinarily mere silence or inaction in the face of the offer of a contract cannot amount to an acceptance[;] [t]he circumstances must be such as to impose upon the offeree a duty to speak if he is to be held bound to a contract by remaining mute").  While Plaintiff may argue Defendants alleged silence is evidence of Defendant's understanding, the Court will not give an instruction that silence alone had a legally operative effect of constituting an acceptance of an offer.

3. "Interpretation" Instruction

Proposed Instruction No. 28 provides a general instruction on the fact that the parties have a dispute as to the interpretation of the contract at issue. Plaintiff objects to the instruction, arguing that it should not be given because the CACI instruction on which the instruction is modeled requires that the disputed term of the contract be identified and that the parties' respective interpretations be given.

The Court concludes that the instruction is appropriate. The difficulty with Plaintiff's position is that it has stipulated to a number of instructions about how a contract should be interpreted. *See* Proposed Instructions Nos. 29-33. Without a predicate instruction explaining that there is a dispute over the interpretation of the contract, the stipulated instructions on interpretation do not make any sense.

4. "Duplicate Damages" Instruction

Proposed Instruction No. 37 deals with the issue of duplicate damages. The Court is not unsympathetic to Plaintiff's objection to the instruction but concludes that a modified instruction is sufficient to address Plaintiff's concerns. The Court shall include the following modified instruction:

"The plaintiff has made claims against the defendant Kowalski corporation for breach of contract and against the defendant Jerome Kowalski for fraud. You must decide each claim against each defendant. If you decide that the plaintiff has proved both the claim for breach of contract against the Kowalski corporation and the claim for fraud against the defendant Jerome Kowalski, the 50% share of commissions earned from the placement of attorneys with the Mitchell, Silberberg & Knupp law firm may be awarded only once."

The above instruction makes clear that the jury is to render a verdict on both the breach-of-contract claim (against the Kowalski corporation) and the fraud claim (against Jerome Kowalski). The instruction also clarifies that the only potential "duplicate damages" are the MSK commissions (*i.e.*, not punitive damages).

3

5. Other Instructions

All other instructions given, withheld or modified were done to avoid duplication and/or maximize clarity.

B. Plaintiff's Motion in Limine (Docket No. 190)

Plaintiff has moved to exclude evidence of any finder's fee offered by Defendants -- whether the fact of the offer or the amount. Previously, the Court excluded evidence of the latter, but not the former. Defendants argue that the Court's prior ruling should stand.

The Court hereby **GRANTS** Plaintiff's motion. Either the parties had a contract to share commissions or they did not. The finder's fee is therefore irrelevant.

In its opposition, Defendants argue that the finder's fee may be irrelevant to the breach-of-contract claim but that it is relevant to the fraud claim. *See* Opp'n at 2 (arguing that the evidence will "counter Plaintiff's mere suggested inference that Defendant 'schemed' to never pay Plaintiff anything from the MSK NY commissions, or to 'seize the opportunity for himself'[;] [t]hat is, such testimony may go to Defendant's state of mind ('false promise,' knowledge of falsity of representations of fact, intent to defraud, intent to induce detrimental reliance by Plaintiff, intent to injure Plaintiff, etc.), which has been put in issue by Plaintiff's own fraud claim (where it would have been arguably irrelevant to breach)"). The Court does not agree. Plaintiff maintains that, during the performance of the contract between Plaintiff and Defendant the Kowalski corporation, Defendant Jerome Kowalski falsely promised to share commissions and/or falsely concealed activity on the MSK transaction to prevent Plaintiff from participating therein. Plaintiff has not alleged a broader scheme that would implicate Defendant's alleged state of mind relative to Defendant's willingness or unwillingness to pay a finder's fee. The fact that Defendants offered a finder's fee does not make the alleged promise to share commissions more or less true. However, if at trial Plaintiff raises the issue as to Defendant's state of mind in a manner which makes Defendant's willingness to pay a finder's fee relevant, the Court may open this ruling for reconsideration.

C. <u>Plaintiff's Motion to Bifurcate (Docket No. 191)</u>

Plaintiff has moved to bifurcate the trial on its accounting claim (to be decided by the Court) from the trial on its breach-of-contract and fraud claims (to be decided by the jury). Defendants argue that all claims should be tried together.

The Court **DENIES** Plaintiff's motion. Any separate trial on the accounting claim is unnecessary. For example, if the jury finds in Plaintiff's favor on the breach-of-contract claim, any trial on the accounting claim would be unnecessary because there is no dispute about the amount of commissions that was owed to Defendant the Kowalski corporation by the MSK law firm. If the jury finds against Plaintiff on the breach-of-contract claim, then no accounting is needed because no commissions from the MSK deal were to shared in the first place.

The Court acknowledges that, as pled in the complaint, Plaintiff seeks an accounting not only with respect to the MSK deal but all work performed by the parties pursuant to the joint venture and/or contract. *See* TAC ¶ 36 (stating that Plaintiff "requests that Defendants be ordered to provide a full accounting of all financial aspects of the work they and he have performed and will perform that are included within the joint venture and contractual arrangement, including but not limited to, all commissions earned, all funds paid by MSK, all funds expected to be paid by MSK and Defendants"). But Plaintiff has not tendered any evidence even suggesting that there was other work done by the parties that resulted in any commissions. Moreover, the Court notes that, at the initial pretrial conference, Plaintiff agreed that the only deal at issue was the MSK deal and not other deals, which ultimately led the Court to put restrictions on the time to be allotted for trial.

In any event, the Court will try the accounting claim simultaneous with the jury trial on the contract and fraud claims.

IT IS SO ORDERED.

Dated: July 1, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge