UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGAL ADDITIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JEROME KOWALKSI, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-08-2754 EMC<br><br>**ORDER DENYING PLAINTIFF'S APPLICATION TO USE COURT RECORDS DURING EXAMINATION OF DEFENDANT JEROME KOWALSKI**<br><br>**(Docket Nos. 215-16)** |

Currently pending before the Court is Legal Additions's application to use certain state court records during the examination of Jerome Kowalski. Having considered the parties' briefs and accompanying submissions, the Court hereby **DENIES** the application.

**I.    DISCUSSION**

Legal Additions asks permission to use during trial certain orders or decisions issued by a New York state family court. According to Legal Additions, such evidence is admissible pursuant to Federal Rules of Evidence 405(b) and 608(b). *See* Rotwein Decl. ¶ 6. The Court does not agree.

Rule 405(b) is inapplicable because, contrary to what Legal Additions suggests, there is no character or trait of a person that is an essential element of the fraud claim herein. *See* Fed. R. Evid. 405(b) (providing that, "[i]n cases in which character or a trait of a person is an essential element of a charge, claim, or defense, proof [of character] may . . . be made of specific instances of that person's conduct"). As for Rule 608(b), it too is inapplicable. Mr. Kowalski's failure to pay child

support has no bearing on his character for truthfulness or untruthfulness.[1]  *See* Fed. R. Evid. 608(b) (providing that "[s]pecific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' character for untruthfulness" may, "in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness . . . concerning the witness' character for truthfulness or untruthfulness").  Ultimately, what Plaintiff seeks to introduce is simply evidence of bad character, which, under Federal Rule of Evidence 404(b), is not permitted to prove action in conformity therewith.

As a final point, the Court notes that, even if any of the above rules were applicable, the Court would still exclude the evidence pursuant to Federal Rule of Evidence 403.  Mr. Kowalski's failure to pay child support took place three to four years before the events at issue in this litigation, and therefore the probative value of the evidence, if any, is lessened.  Moreover, any probative value is substantially outweighed by the danger of unfair prejudice because a jury would likely view the evidence as purely evidence of bad character, even with a limiting instruction.  Furthermore, there would be a danger of having a trial within a trial were the evidence admitted, which would engender both confusion and delay.  Accordingly, Rule 403 bars admissibility of the evidence at issue.

## II. CONCLUSION

For the foregoing reasons, Legal Additions's motion is denied.

The Court also orders that the Rotwein Declaration and attached exhibits (Exhibits A-C) be filed under seal.

This order disposes of Docket Nos. 215 and 216.

IT IS SO ORDERED.

Dated: October 12, 2010

_____
EDWARD M. CHEN
United States Magistrate Judge

---

[1] For the same reason, the evidence is not admissible under Federal Rule of Evidence 609 -- *i.e.*, the failure to pay child support is not probative of Mr. Kowalski's character for truthfulness or untruthfulness.  Moreover, Rule 609 only allows for impeachment by evidence of conviction of a crime where that crime is, in essence, a felony, which is not the case here.