UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGAL ADDITIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JEROME KOWALKSI, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-08-2754 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S EX PARTE APPLICATION FOR ADDITIONAL NAMES TO BE ADDED TO WRIT OF EXECUTION AND ABSTRACT OF JUDGMENT**<br><br>**(Docket No. 248)** |

Currently pending before the Court is Plaintiff's ex parte application asking that additional names be added to the writ of execution and abstract of judgment. Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** in part and **DENIES** in part the request for relief.

## I. DISCUSSION

A. <u>Amending Writ of Execution</u>

Plaintiff asks first that the Court amend the writ of execution, issued on March 23, 2011, *see* Docket No. 243 (writ), to include additional names for Defendant Jerome Kowalksi & Co., Inc.

Under Federal Rule of Civil Procedure 69(a), "[t]he procedure on execution -- and in proceedings supplementary to and in aid of judgment or execution -- must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a). Under California Code of Civil Procedure § 669.510, "a writ of execution shall be issued in the name of the judgment debtor as listed on the judgment" but "may include the additional name or names by which the judgment

debtor is known as set forth in the affidavit of identity, as defined in Section 680.135, filed by the judgment creditor with the application for issuance of the writ of execution." Cal. Code Civ. Proc. § 699.510(c)(1). A court must approve the affidavit of identity before additional names may be included on the writ of execution. *See id.* "If the court determines, without a hearing or a notice, that the affidavit of identity states sufficient facts upon which the judgment creditor has identified the additional names of the judgment debtor, the court shall authorize the issuance of the writ of execution with the additional name or names." *Id.*

As noted above, § 680.135 describe what an affidavit of identity is. Under the statute, the affidavit must set forth, *inter alia*, "the additional name or names by which the judgment debtor is known, and the facts upon which the judgment creditor has relied in obtaining the judgment debtor's additional name or names." *Id.* § 680.135. "The affidavit of identity is not a procedure for adding new debtors to the judgment." Cal. Prac. Guide Enf. J. & Debt ¶ 6:329.3.

The Court has evaluated the affidavit of identity submitted by Plaintiff -- *i.e.*, the Gainer declaration. The Court concludes that the declaration states sufficient facts justifying the inclusion of the following name: Kowalski & Associates.[1] *See, e.g.*, Gainer Decl. ¶¶ 6-7 (noting that that name was used in correspondence and that that name was used by Mitchell, Silberberg law firm to pay for services rendered). Moreover, Defendants have admitted that Jerome Kowalski & Co., Inc. used the fictitious name of Kowalski & Associates to do business.[2] *See* Opp'n at 7. Defendants do not contend that Kowalski & Associates is an entity separate and distinct from Jerome Kowalski & Co., Inc.

Defendants' only argument seems to be that a writ of execution may include additional names only where the moving party establishes that the additional person or entity is an alter ego of the judgment debtor. However, both §§ 699.510(c)(1) and 680.135 refer only to names by which the

---

[1] It is immaterial whether an ampersand or the actual word "and" is used to join the words "Kowalski" and "Associates."

[2] The Court acknowledges that Plaintiff seeks to include names in addition to Kowalski & Associates. There is no evidence, however, that Jerome Kowalski & Co., Inc. used any of these names. For example, the website kowalskiassociates.com indicates that the business name used was Kowalski & Associates, not Kowalskiassociates or Kowalskiassociates.com.

2

judgment debtor "is known." Cal. Code Civ. Proc. §§ 699.510(c)(1), 680.135. Thus, the statutes on their face contemplate application beyond alter ego status. Moreover, courts in this District have indicated that a "dba", pseudonym, or alias would all be names by which a judgment debtor is known for purposes of these statutes. *See, e.g.*, *Peterson v. Islamic Republic of Iran*, No. C 08-80030-MISC JSW, 2008 WL 5046313, at *3 (N.D. Cal. Nov. 24, 2008) (noting that "[a] literal reading of the California statutes suggests that they are meant to address judgment debtors known by multiple names or aliases"); *Office Depot, Inc. v. Zuccarini*, No. C 06-Misc.-80356 SI, 2007 U.S. Dist. LEXIS 21255, at *3 (N.D. Cal. Mar. 15, 2007) (concluding that affidavit of identity stated sufficient facts to support judgment debtor's use of additional names -- pseudonyms); *IO Group, Inc. v. Purser*, No. C-04-2823 SBA, 2005 WL 1155255, at *1 (N.D. Cal. May 16, 2005) (approving affidavit of identity in which plaintiff asserted that judgment debtor Bareback.com, Inc. was also known as and did business as "A Workshop"). Here, the alter ego theory has no application since Kowalski & Associates is not a separate entity but simply a dba of the judgment debtor.

While the Court thus finds that the affidavit of identity submitted by Plaintiff states sufficient facts on which it has identified an additional name of the judgment debtor, there is a procedural problem with Plaintiff's request for relief. That is, Plaintiff submitted its affidavit for identity more than two months after the writ of execution was issued against Defendants. As noted above, "the California Code of Civil Procedure precludes [a party] from retroactively adding names to the writ via an affidavit of identity." *Office Depot*, 2007 U.S. Dist. LEXIS 21255, at *3; *see also* Cal. Code Civ. Proc. § 699.510(c)(1) (providing that "[t]he writ of execution shall be issued in the name of the judgment debtor as listed on the judgment and shall include the additional name or names, and the type of legal entity, by which the judgment debtor is known, as set forth in the affidavit of identity, as defined in Section 680.135, filed by the judgment creditor *with* the application for issuance of the writ of execution") (emphasis added).

Accordingly, the Court concludes that Plaintiff

> may submit another affidavit of identity to add names to an additional writ under either of two circumstances: 1) if the original writ fails to satisfy the judgment against [Defendants] after 180 days from the writ's issuance, or 2) if the original writ is returned. *See* Cal. Civ. Proc. Code § 699.510(a) ("[w]rits may be issued successively until the

3

> money judgment is satisfied, except that a new writ may not be issued for a county until the expiration of 180 days after the issuance of a prior writ for that county unless a prior writ is first returned").

*Id.* at *4. Plaintiff has not demonstrated either of these conditions currently apply.

B. <u>Amending Judgment</u>

Plaintiff also asks that the judgment be amended to add additional names for Jerome Kowalski & Co., Inc.

Usually amendment or relief from a judgment must be made pursuant to Federal Rule of Civil Procedure 59 or 60. However, as Plaintiff points out, the Ninth Circuit has stated that, pursuant to Federal Rule of Civil Procedure 69(a), a court may rely on California Code of Civil Procedure § 187 to amend a judgment to add additional judgment debtors. *See Katzir's Floor & Home Design, Inc. v. M-MLS.COM*, 394 F.3d 1143, 1148 (9th Cir. 2004); *see also* Cal. Code Civ. Proc. § 187 (providing that, "[w]hen jurisdiction is, by the Constitution or this Code, or by any other statute, conferred on a Court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of proceeding be not specifically pointed out by this Code or the statute, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of this Code"). "Section 187 is premised on the notion that the amendment 'is merely inserting the correct name of the real defendant,' such that adding a party to a judgment after the fact does not present due process concerns." *Katzir's*, 394 F.3d at 1148.

Similar to above, Defendants argue that § 187 only permits the inclusion of additional names where the person or entity to be added is an alter ego. *See, e.g.*, *id.* (stating that "[a] § 187 amendment requires '(1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns'"); *Tokio Marine & Fire Ins. Corp. v. Western Pacific Roofing Corp.*, 75 Cal. App. 4th 110, 116 (1999) (stating that "[c]ases which have used section 187 to add new parties as additional judgment debtors have always been rooted in the 'alter ego' concept that the original party and the new party were one and the same"). But *Tokio Marine* indicates that amendments that "fit within the theory underlying amendment of a judgment based on alter ego liability" are also

4

permissible under § 187 -- *e.g.*, where "'the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant.'" *Id.* at 116-17 (noting that " a recent bankruptcy decision looked to the equitable principles regarding alter ego") (internal quotation marks omitted).

Accordingly, the Court grants Plaintiff's request to amend the judgment to add the name Kowalski & Associates for the reasons stated above.

## II. CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's request for relief. More specifically, Plaintiff's request to amend the writ of execution is denied (without prejudice) but its request to amend the judgment is granted to add the name Kowalski & Associates.

This order disposes of Docket No. 248.

IT IS SO ORDERED.

Dated: June 23, 2011

_____
EDWARD M. CHEN
United States District Judge

5