UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGAL ADDITIONS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JEROME KOWALKSI, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-08-2754 EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ASSIGNMENT ORDER, RESTRAINING ORDER, AND ORDER FOR JUDGMENT DEBTOR EXAMINATIONS**<br><br>**(Docket No. 244)** |

Previously, Plaintiff obtained a judgment against Defendants pursuant to a stipulation. Since that date, the company defendant has dissolved, *see* Gainer Decl. ¶ 8, and Plaintiff has not been able to obtain any money from either defendant. Thus, Plaintiff now asks for an assignment order, a restraining order, and an order for judgment debtor examinations (both the company defendant and Mr. Kowalski, the individual defendant). Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** in part and **DENIES** in part Plaintiff's motion.

**I.    DISCUSSION**

A.    <u>Assignment Order</u>

Whether or not Plaintiff is entitled to an assignment order is governed by Federal Rule of Civil Procedure 69(a)(1), which in turn makes California law applicable. *See* Fed. R. Civ. P. 69(a)(1) (providing that "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise" and that "[t]he procedure on execution – and in proceedings supplementary to and

1  in aid of judgment or execution – must accord with the procedure of the state where the court is
2  located, but a federal statute governs to the extent it applies").

3  Under California law, "upon application of the judgment creditor on noticed motion, the
4  court may order the judgment debtor to assign to the judgment creditor . . . all or part of a right to
5  payment due or to become due, whether or not the right is conditioned on future developments . . . ."
6  Cal. Code Civ. Proc. § 708.510(a). "The notice of the motion shall be served on the judgment
7  debtor. Service shall be made personally or by mail." *Id.* § 708.510(b).

8  Defendants have initially objected to Plaintiff's request for an assignment order because
9  there is no evidence that service of the motion was made personally or by mail. Defendants,
10 however, have cited no authority indicating that a motion should be denied for a failure to comply
11 with § 708.510(b) where there is in fact actual notice. Here, there is no doubt that there was actual
12 notice of the motion through ECF.

13 As for the merits, Defendants' position is that there is no "admissible evidence of any actual
14 or imminent (or even contingent future) right to payment to which Mr. Kowalski (or even his
15 defunct company) is or will be entitled. The notion that there is or will be anything to be assigned . .
16 . is pure fantasy." Opp'n at 3. While Defendants' argument is not without merit, it also has some
17 problems.

18 First, there is nothing in the text of § 708.510 which suggests that a showing of a right to
19 payment due or to become due may be made only upon *admissible* evidence. Nor have Defendants
20 cited to any case authority to that effect.

21 Second, even if admissible evidence were required, Plaintiff has provided such evidence to
22 support its claim that the Court should issue an assignment order to secure any payments that Mr.
23 Kowalski might get from the sale of his book. Defendants' own website indicates that Mr. Kowalski
24 has a book for sale (*i.e.*, admission of a party-opponent). Furthermore, in his own declaration, Mr.
25 Kowalski admits that there is still some money owed to him from book sales (albeit a small amount,
26 at least as claimed by Mr. Kowalski). *See* Kowalski Decl. ¶ 3 (claiming that less than $25 is owed
27 him for book sales).

28 The Court, however, does agree with Defendants that Plaintiff has failed to provide an

adequate evidentiary basis (admissible evidence or otherwise) to support an assignment order for the bulk of the third parties identified by Mr. Gainer in Exhibit B of his declaration. There are 37 persons or entities identified in Exhibit B. Only a few have to do with the sale of Mr. Kowalski's book. For the remainder, Plaintiff has failed to provide enough of an evidentiary basis to support issuance of an assignment order.

In so holding, the Court acknowledges that "*detailed* evidentiary support" is not required under § 708.510. *UMG Recordings, Inc. v. BCD Music Group*, No. CV 07-05808 SJO (FFMx), 2009 U.S. Dist. LEXIS 97017 (C.D. Cal. July 9, 2009) (emphasis added). But *some* evidentiary support is still needed; § 708.510(a) refers to a "payment due or to become due," which suggests some degree of concreteness to the expected payment is required. Cal. Civ. Code § 708.510(a). Certainly, there needs to be more than just speculation before the remedy of an assignment order can be provided.

Based on the Court's review, it appears that Plaintiff identified the persons and entities in Exhibit B to the Gainer declaration because (1) they had reviewed Mr. Kowalski's book, (2) they were somehow named on the website of Mr. Kowalski or the corporate defendant, or (3) they are former clients of Mr. Kowalski or the corporate defendant. Clearly, (1) and (2) say nothing about whether or not the people or entities owe Mr. Kowalski money. As for (3), Plaintiff argues that "[i]t is implausible that Kowalski isn't contacting former clients and candidates he placed asking for future consulting assignments or recruiting into or out of firms he has dealt with in the past. . . . Any recruiter would." *Id.* While this may be true, that does not mean that Mr. Kowalski currently has any business with these people or entities or that the people or entities will necessarily work with him in the future.[1]

Accordingly, except for the book-related payments, the Court denies the request for an assignment order. The denial is without prejudice, such that Plaintiff is not precluded from seeking an assignment order in the future, *e.g.*, based on information obtained from the debtor examination of Mr. Kowalski. *See infra.* With respect to the book-related payments, the Court finds that the

---

[1] The Court also notes that the people and entities at issue were identified by Mr. Kowalski during his deposition which took place almost a year and a half ago.

3

only third party identified by Plaintiff that may owe Mr. Kowalski money is the book's publisher, *i.e.*, Ark Group USA. There is nothing to indicate that Amazon.com would make a payment to Mr. Kowalski directly for the sale of any book (instead of the publisher), just as no retail bookstore would make a payment to Mr. Kowalski directly.

B. <u>Restraining Order</u>

Because the Court is granting in part the request for an assignment order, the next issue is whether Plaintiff is also entitled to a restraining order. Under California Code of Civil Procedure § 708.520, a court may issue an order restraining the judgment debtor from assigning or otherwise disposing of the right to payment that is sought to be assigned "upon a showing of need for the order. The court, in its discretion, may require the judgment creditor to provide an undertaking." Cal. Code Civ. Proc. § 708.520(b).

There is little case law as to what constitutes an adequate showing of need for purposes of obtaining a restraining order. What case law there is, however, indicates that there is a relatively low threshold. For example, in *UMG*, the court concluded that the need requirement was satisfied simply because the judgment debtor had defaulted on the payment program under the settlement agreement and refused to voluntarily satisfy the judgment against it. *See UMG*, 2009 U.S. Dist. LEXIS 97017, at *8. In *Lopez v. Musinorte Entertainment Corp.*, No. CV 11-01442 AHM (AJWx), 2011 U.S. Dist. LEXIS 66564 (C.D. Cal. June 21, 2011), the court concluded that there was a need for a restraining order because the judgment debtors had avoided making any payment to the creditor ever since entry of the judgment. The court also noted that the debtors would only "be restrained from doing . . . that which they would have no right to do in the first instance." *Id.* at *7.

Given this low threshold, the Court concludes that a restraining order in the instant case is appropriate. Judgment was entered in this case on December 16, 2010. *See* Docket No. 232 (judgment). More than half a year has passed but Defendants have yet to make any payment on the judgment to Plaintiff. While Mr. Kowalski professes a financial inability to pay, he has failed to provide any concrete evidence to support the claim. As for the corporate defendant, while it has apparently dissolved, the timing of the dissolution – *i.e.*, soon after judgment was entered against the company – is somewhat questionable. These circumstances are a sufficient basis for issuance of a

4

restraining order.

The Court shall not require an undertaking for this restraining order given Mr. Kowalski's claim that the monies owed to him for the book sales are less than $25. Nor is an undertaking warranted as a matter of fairness given that Defendants have paid nothing. Furthermore, in light of the circumstances, the Court sees no harm to Defendants resulting from the restraining order.

C. <u>Debtor Examination</u>

The only issue remaining is whether Plaintiff should be permitted to take a debtor examination of Mr. Kowalski and/or the corporate defendant. Because the corporate defendant has dissolved, it is not possible for it to be deposed. However, Mr. Kowalski may still be examined. Indeed, Mr. Kowalski states that he is willing to be examined. His only contention is that the deposition should take place in New York rather than California because of (1) his financial condition and (2) his medical condition.

Although Mr. Kowalski has professed that he is financially unable to travel to California, he has not provided any concrete evidence to back that claim. Accordingly, the only question is whether Mr. Kowalski's medical condition prevents him from traveling to California. At the hearing on Plaintiff's motion, the Court gave Mr. Kowalski one week to provide a doctor's note certifying his inability to travel based on his medical condition. Mr. Kowalski failed to procure such a note. Because there is no evidence to support Mr. Kowalski's claim, the Court concludes that a debtor's examination in California, as requested by Plaintiff, is appropriate.

In so concluding, the Court acknowledges Mr. Kowalski's point that, under state law, "[a] person sought to be examined may not be required to attend an examination before a court located outside the county in which the person resides or has a place of business unless the distance from the person's place of residence or place of business to the place of examination is less than 150 miles." Cal. Code Civ. Proc. § 708.160(b). But Mr. Kowalski's reliance on § 708.160(b) is unavailing because, under Federal Rule of Civil Procedure 69(a)(2), a judgment creditor may obtain discovery as provided *either* by the procedure of the state where the court is located or by the Federal Rules of Civil Procedure. Under the Federal Rules, a court has "substantial discretion to designate the site of a deposition." 7-30 Moore's Fed. Prac. – Civ. § 30.20[1][b][ii]. Here, the Court exercises its

discretion to require a debtor's examination in California because there is no reason to have Plaintiff incur further costs or other inconvenience when Mr. Kowalski has yet to make even one partial payment toward the judgment. The Court notes that, during the hearing, the possibility of conducting the examination by videoconference was discussed. However, that possibility was explored largely because of concerns about Mr. Kowalski's medical condition which, as discussed above, has not been demonstrated to preclude the possibility of travel. Even if Mr. Kowalski were willing to pay for the cost of videoconference, it is not unreasonable for Plaintiff to desire an in-person examination, if only because such an examination is likely to proceed more smoothly.

The parties shall meet and confer as to a mutually agreeable date for the examination to take place no later than August 19, 2011.

As a final point, the Court notes that, because the corporate defendant has now dissolved and because Mr. Kowalski undoubtedly played an important role while the corporate defendant was in existence, it is fair for Plaintiff to question Mr. Kowalski, during his individual examination, about his knowledge of the corporate defendant, including the circumstances under which it dissolved and whether to his knowledge any payments are still owed to the company and, if so, how those payments are to be distributed.

## II. CONCLUSION

For the foregoing reasons, the Court hereby grants in part and denies in part Plaintiff's motion.

With respect to the request for an assignment order, IT IS HEREBY ORDERED as follows:

1. That the following rights to payment of Judgment Debtors, Jerome Kowalski and Jerome Kowalski & Co., Inc. (dba Kowalski & Associates), be, and hereby are, assigned to the Judgment Creditor, Legal Additions LLC, until such time as the judgment herein is fully satisfied or this order is amended: payments due from the sale of Mr. Kowalski's book *Navigating the Perfect Storm: Recruiting, Training and Retaining Lawyers in the Coming Decade*; and

2. That Ark Group USA pay monies owed from the sale of the above book authored by Mr. Kowalski to Judgment Creditor, Legal Additions LLC (or its attorney), to be applied to the judgment herein until such judgment is fully satisfied or this order is amended.

With respect to the restraining order, IT IS HEREBY ORDERED that Judgment Debtors, Jerome Kowalski and Jerome Kowalski & Co., Inc. (dba Kowalski & Associates) are restrained from assigning or otherwise disposing of the right to payment described above so that the assignment rights to payment may be available for satisfaction of the judgment herein.

Finally, regarding the debtor examination, IT IS HEREBY ORDERED that Mr. Kowalski shall appear for an examination in California at a location to be determined by Plaintiff. The parties shall meet and confer to select a mutually agreeable date for the examination, to be held no later than August 19, 2011.

This order disposes of Docket No. 244.

IT IS SO ORDERED.

Dated: July 26, 2011

_____
EDWARD M. CHEN
United States District Judge