# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| LEGAL ADDITIONS LLC, | Case No. 08-cv-02754 EMC (NC) |
| Plaintiff, | **ORDER RE: DISCOVERY DISPUTE** |
| v. | Re: Dkt. No. 281 |
| JEROME KOWALSKI, et al., | |
| Defendants. | |

This case was referred to this Court for all discovery purposes. Dkt. No. 282. In December 2010, Legal Additions obtained a judgment against defendants pursuant to a stipulation. Dkt. No. 281 at 1. Subsequently, the parties engaged in post-judgment discovery in connection with the enforcement of the judgment, which included defendants' production of financial documents in November 2011 ("the November 2011 documents"). *Id.* On April 12, 2013, the parties filed a joint discovery brief seeking resolution of their dispute regarding the application of the stipulated protective order in this case to the November 2011 documents. *Id.* The parties disagree about (1) whether the stipulated protective order applies to the November 2011 documents, (2) whether defendants properly designated the documents "Confidential" by so stating in the cover letter accompanying the production but not marking each individual page, (3) whether there is a proper basis for the confidentiality designations, and (4) whether Legal Additions may use or disclose the

Case No. 08-cv-02754 EMC (NC)
ORDER RE: DISCOVERY DISPUTE

documents in connection with its efforts to enforce the judgment. The Court finds this matter suitable for decision without oral argument. Civil L.R. 7-1(b). Based on the parties' joint letter brief, the Court orders as follows:

1. The Court finds that the stipulated protective order, issued by the Court on November 16, 2009, Dkt. No. 92, applies to the November 2011 documents.

2. The November 2011 documents were produced by defendants in digital form on a CD. Dkt. No. 281 at 1. The CD contains "several years (381 MB; thousands of pages) of bank statements, credit account statements, dunning letters, tax-related documents (e.g., K-1), and court filings." *Id.* The CD was accompanied by a cover letter stating in part "Although it has been impracticable to physically label each of the documents separately as 'Confidential,' all of the documents on this disk are hereby deemed to be 'Confidential,' within the ambit of the stipulated protective order(s) in this action." *Id.* The Court finds that, under these circumstances, the cover letter sufficiently designated the documents on the CD as "Confidential" under the stipulated protective order, and defendants did not waive the protections of the stipulated protective order by failing to affix a label to each individual page.

3. To the extent Legal Additions challenges any confidentiality designations as unjustified or made for an improper purpose, that issue is not ripe for adjudication by the Court. The joint letter brief indicates that defendants are willing to reconsider the designations if plaintiff identifies specific documents, the intended recipients, and the purpose of the disclosure. Dkt. No. 281 at 1, 3. Legal Additions' challenge to the confidentiality designations must comply with the stipulated protective order, and must identify the protected material at issue, set forth in detail the basis for the challenge, and meet and confer with the designating party, allowing that party the opportunity to review the material and to provide a justification for the designation. *See* Dkt. No. 92 ¶¶ 6.2, 6.3. If, after meeting and conferring, the parties are unable to resolve their dispute, they may submit a joint discovery letter brief in accordance with the Court's standing order. *See* Mag. Judge N. Cousins, Civil Standing Order, updated Aug. 24, 2012. The Court finds that,

1 under the stipulated protective order, Legal Additions would bear the burden of persuasion
2 in challenging the confidentiality designations of the November 2011 documents. *See* Dkt.
3 No. 92 ¶ 6.3.

4. Legal Additions may use the November 2011 documents for the purpose of enforcing the judgment; however, any such use and/or disclosure of the documents must otherwise comply with the terms of the stipulated protective order. To the extent the parties dispute whether any specific use and/or disclosure is permitted by the stipulated protective order, that dispute is not ripe for resolution. The parties must meet and confer on that issue before submitting their dispute to the Court by joint letter brief.

Any party may object to this nondispositive pretrial order within 14 days of the filing date of this order. *See* Civ. L.R. 72-2.

IT IS SO ORDERED.

Date: April 30, 2013

_____
Nathanael M. Cousins
United States Magistrate Judge